UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN COOK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:20-cv-01789-EPG<br><br>ORDER GRANTING, IN PART, MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 29) |

　　　　On June 22, 2023, Attorney Jonathan Peña, counsel for Plaintiff John Allen Cook, filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 29). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (*Id.* at 9, ECF No. 31). Plaintiff has not filed any response to the motion. On July 25, 2023, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness. (ECF No. 32).

　　　　For the reasons set forth below, the motion for an award of attorney's fees is GRANTED, in part, in the amount of $30,940, with counsel reimbursing Plaintiff for $4,795.91 in fees received pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (*See* ECF No. 28).

**I.　BACKGROUND**

　　　　Plaintiff filed the complaint in this case on December 18, 2020. (ECF No. 1). The parties consented to this case proceeding before the undersigned. (ECF No. 11). After Plaintiff filed a brief, the parties filed a stipulation for voluntary remand for further proceedings. (ECF Nos. 19, 24). On April 8, 2022, the Court remanded the case pursuant to the parties' stipulation. (ECF No.

25). And on July 7, 2022, pursuant to the parties' stipulation, the Court entered an order awarding Plaintiff $4,795.91 in EAJA fees. (ECF Nos. 27, 28).

On remand, Plaintiff was found disabled, and the Commissioner calculated Plaintiff's past-due benefits at $162,281.92 and 25%, *i.e.*, $40,570.48, was withheld to pay Plaintiff's representative. (ECF No. 29, p. 3, ECF No. 29-1, p. 4). This matter is now before the Court on counsel's motion, seeking an award of $40,570.48.

## II.  DISCUSSION

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n. 6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the

services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement in this case provides as follows:

> I agree to pay my attorney 25 % of Past Due Benefits/Retroactive benefits AWARDED (pre-offset) to me and my family (this includes any auxiliary beneficiaries) resulting from my disability claim at the time benefits are awarded.
>
> . . . .
>
> However, my attorney has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court. If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, my attorney must refund to me the smaller fee.

(ECF No. 29-2, p. 1).

The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel, which included a remand that led to an award of benefits. Counsel represents that 22.1 hours were expended in this matter. (ECF No. 29, p. 8; ECF No. 29-3, p. 1). There is no indication of substandard performance by counsel and there is no evidence that counsel engaged in any dilatory conduct resulting in delay.

However, the Court concludes that counsel has not met his "burden of establishing that the fee sought is reasonable" when considering the amount of time spent on this case. *See Crawford*, 586 F.3d at 1148. Notably, counsel seeks an award of $40,570.48, which, although not greater

3

than 25% of the past-due benefits, results in an approximate hourly rate of $1835.76 based on the 22.1 hours expended. This is very high compared to what the Court has often seen requested in other cases before it. *See, e.g., Lockhart v. Comm'r of Soc. Sec.*, No. 1:20-CV-01336-ADA-EPG, 2023 WL 2339895, at *3 (E.D. Cal. Feb. 28, 2023), *report and recommendation adopted*, 2023 WL 3224441 (E.D. Cal. May 3, 2023) (awarding effective hourly rate of approximately $700); *Ashmore v. Comm'r of Soc. Sec.*, No. 1:20-CV-00817-EPG, 2022 WL 17418258, at *2 (E.D. Cal. Dec. 5, 2022) (awarding effective hourly rate of approximately $750); *Londono v. Comm'r of Soc. Sec.*, No. 1:16-CV-01897-EPG, 2022 WL 891285, at *2 (E.D. Cal. Mar. 25, 2022) (awarding effective hourly rate of approximately $470).

Moreover, rather than "show that the fee is reasonable based on the facts of the particular case," counsel cites to a list of fee awards in other cases, and without explaining whether the circumstances of those cases are similar. *Crawford*, 586 F.3d at 1153; (ECF No. 29, p. 5). Moreover, while one cited case awarded approximately $2,300 as an effective hourly rate, all the remaining cases, except one awarding around $1,170 per hour, awarded amounts ranging from $1,417.08 to $1,546.39, with most being in the $1400 range. Thus, according to counsel's own polling of cases that awarded fees on the high end, all but one awarded hundreds less than what counsel now seeks.

Moreover, upon review of persuasive authority, the Court believes $1,835.76 "would result in a windfall" based on the particular facts of this case. *Crawford*, 586 F.3d at 1151. Notably, one court has concluded that a de facto hourly rate of $1,979.81, based on the amount of time the Court deemed reasonably spent on the case, would constitute a manifest windfall when the quality of the work did not justify this rate. *Statler v. Astrue*, No. CV 05-01213 AN, 2009 WL 195955, at *5 (C.D. Cal. Jan. 26, 2009). Here, while counsel filed a motion for summary judgment, the case was resolved thereafter by a stipulation to voluntarily remand the case without further briefing. (ECF Nos. 19, 24, 25). Under similar circumstances, another court has concluded that "an effective hourly rate of $1,624.82 is too high considering [the] case resolved through a stipulated remand without full briefing," reducing the effective hourly rate to $1,200. *Demand v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08063-PCT-DLR, 2020 WL 1659898, at *1 (D. Ariz. Apr. 3, 2020); *see also Norden v. Comm'r of Soc. Sec. Admin.*, No. CV-19-00373-PHX-JAT,

2020 WL 3472551, at *2 (D. Ariz. June 25, 2020) ("The de facto hourly rate of the requested award—$1,295.45—falls slightly outside the range of reasonableness that this Court, and others in this district, have found reasonable in recent cases resolved by a stipulation to remand without full briefing."). Lastly, counsel states that his regular, non-contingent hourly rate is $500. While the Court understands that counsel undertook this case on a contingency fee basis, and has given weight to this consideration, the fact that counsel seeks over three times his normal regular rate also factors into the reasonableness of the award. *Demand*, 2020 WL 1659898, at *1 (reducing effective hourly rate that was "over five times greater than counsel's $300.00 non-contingent hourly rate"). For all these reasons, the Court determines that the requested fee would result in a windfall, and thus it may be reduced.

As for the amount of the reduction, the Court concludes that an effective hourly rate of $1,400 is appropriate, which when multiplied by the 22.1 hours expended on the case, yields an award of $30,940. Notably, while this award is still on the high-end of cases, it falls in line with most of the cases cited by counsel. Moreover, while this effective hourly rate is higher than counsel's normal rate, counsel is entitled to recover a higher fee based on the contingency arrangement with Plaintiff. And relatedly, this still high hourly amount accounts for the fact that counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level.

An award of attorney fees pursuant to § 406(b) in the amount of $30,940 is thus appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was awarded $4,795.91 in EAJA fees, and counsel agrees to refund these fees. (ECF No. 29, p. 6).

## III. CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Accordingly, IT IS ORDERED:

1. The motion for attorney fees (ECF No. 29) under 42 U.S.C. § 406(b) is granted, in part, in the amount of $30,940.

2. Plaintiff's counsel shall refund Plaintiff $4,795.91 for the EAJA fees previously awarded.


3. Plaintiff's counsel shall serve a copy of this order on Plaintiff and shall thereafter file a certificate of service on the docket.

IT IS SO ORDERED.

Dated: __August 9, 2023__                  /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE